UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PACIOTTI S.p.A.,

                              Plaintiff,

-against-

DELLAMODA, INC.,

                              Defendant.

No. 19 Civ. 5488 (CM)

## DECISION AND ORDER

McMahon, C.J.:

Plaintiff Paciotti S.p.A. ("Paciotti") brings this account stated claim against Defendant Dellamoda, Inc. ("Dellamoda"), alleging that Dellamoda owes Paciotti over $83,000 pursuant to three unpaid invoices. Dellamoda moves to dismiss the complaint for lack of personal jurisdiction and improper venue.

For the reasons set forth below, the Court agrees with Dellamoda that it lacks personal jurisdiction over Dellamoda, so the case cannot be heard here. Venue is also not proper in this district.

## BACKGROUND

Paciotti is a corporation incorporated and headquartered in Italy that designs and produces shoes. Dellamoda is a luxury boutique incorporated and headquartered in California.

Dellamoda has purchased shoes from Paciotti, which it in turn resells through its website. Paciotti submitted three invoices to Dellamoda for shoes sold by Paciotti to Dellamoda; those invoices are dated September 8, 2016; January 25, 2017; and April 13, 2017. Dellamoda has not objected to these invoices, but they remain unpaid. Paciotti seeks to recover the unpaid balance.

1

On December 24, 2017, an individual named Frank Ferrante, Jr. ("Ferrante"), an attorney in New York City, purchased five pairs of Paciotti shoes from Dellamoda through its website. (Ferrante Decl., Dkt. No. 9-2 (noting "Email: FFerrante@FerranteLawFirm.com")). Dellamoda delivered the shoes to Ferrante's New York City residence. (*Id.*). Paciotti alleges that "at least one pair" of these shoes was among the shoes for which Dellamoda has not paid Paciotti. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Opp'n") at 3, Dkt. No. 10).

Paciotti pleads that Dellamoda maintains a warehouse in New York – based on the "F.A.Q." section of Dellamoda's website – and that Dellamoda stores Paciotti shoes in that New York warehouse. (Compl. ¶¶ 11–12, Dkt. No. 1; Ex. A to Knox Decl. at 2 ("Webpage"), Dkt. No. 9-1). Dellamoda denies that it owns or operates any warehouse outside California. (Chamasmani Decl. ¶ 6, Dkt. No. 6-1).

The webpage is not attached to the complaint. However, Paciotti includes it as an exhibit to its opposition, and because the complaint relies on the webpage it can be considered on this motion to dismiss. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). The webpage indicates that "most merchandise [ordered from Dellamoda] are shipped from our main warehouse in Los Angeles, CA." (Webpage at 2, Dkt. No. 9-1). However, it also says that Dellamoda maintains a warehouse in New York, from which it ships, "Some Mauri, Fennix, Ducca, and Emilio Franco brand merchandise." (*Id.*). There is no indication on the webpage that Dellamoda stores or ships Paciotti shoes from New York.

Dellamoda asserts under oath that it conducts all of its business from California; does not have any offices, warehouses, or places of business in New York; has not traveled to New York to conduct any business; receives invoices and bills through its California office; and makes

payments for supplies through California-based financial institutions. (Chamasmani Decl. ¶¶ 4–6; Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 1–2, Dkt. No. 6-2).

Dellamoda moves to dismiss the complaint, on the ground that this Court lacks personal jurisdiction over it under Fed. R. Civ. P. 12(b)(2), as well as for improper venue under Fed. R. Civ. P. 12(b)(3).

## DISCUSSION

**This Court Lacks Personal Jurisdiction Over Dellamoda.**

*Applicable Legal Standard*

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction over the defendant. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). Where, as here, there has not been any discovery, the plaintiff need only make a "*prima facie* showing [which] may be established solely by allegations." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). Allegations in pleadings and affidavits "are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) (internal citations omitted).

In a diversity action, personal jurisdiction over a defendant is determined by the law of the forum in which the Court sits. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963) (en banc)). Paciotti (wisely) does not assert general jurisdiction over Dellamoda under CPLR § 301.

3

Instead, Paciotti relies on specific jurisdiction under New York's long-arm statute, CPLR §§ 302(a)(1) and 302(a)(4), which provides in pertinent part:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> . . .
>
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. 302. Paciotti is wrong on both counts.

*Dellamoda is Not Subject to Personal Jurisdiction Under § 302(a)(1).*

Section 302(a)(1) authorizes personal jurisdiction over any defendant who transacts any business within the state or contracts anywhere to supply goods or services in the state – but only if the cause of action arises from these New York state activities. *Great N. Ins. Co. ex rel. Felix Schoeller Tech. Papers, Inc. v. Constab Polymer-Chemie GmbH & Co.*, 75 F. App'x 824, 825–26 (2d Cir. 2003). To connect its case to New York, Paciotti alleges two in-state activities by Dellamoda. First, Dellamoda sold five pairs of Paciotti shoes – eight months after the issuance of the last invoice on which suit is brought – to a lawyer named Ferrante, who happened to be in New York. Second, Dellamoda allegedly maintained a warehouse in New York, in which Dellamoda stored Paciotti shoes.

But there is no connection between Paciotti's account stated claim and either New York activity.

Jurisdiction under § 302(a)(1) attaches only if the cause of action "arises from" the defendant's in-state activities. *See Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). Paciotti's cause of action is for Dellamoda's failure to pay invoices for shoes that Dellamoda purchased from Paciotti. It "arises from" the contractual relationship

4

between Paciotti and Dellamoda – not from Dellamoda's subsequent sale of shoes to Ferrante. It is important to note that all three invoices issued over eight months *before* Attorney Ferrante ordered the five pairs of shoes. Whether Ferrante is somehow involved in an effort to manufacture jurisdiction in New York, I cannot say. But it is apparent that Paciotti's account stated claim does not arise from Dellamoda's sale of shoes to Ferrante.

Paciotti argues there is a substantial nexus because at least one pair of the shoes that were delivered to Ferrante was among the shoes for which Dellamoda has not yet paid. However, in the context of a breach of contract, the defendant's unrelated activities that bring the disputed goods into New York are too attenuated to support jurisdiction.

Paciotti's argument resembles the one raised in *Hunter v. Calvaresi*, 45 Misc. 2d 96 (N.Y. Sup. Ct. 1964). There, the plaintiff brought a breach of contract claim relating to a show dog it purchased from the defendants. The contract was negotiated in Connecticut and the plaintiff paid the defendants in Massachusetts and New Jersey. *See id.* at 97. The plaintiff made an effort to create jurisdiction in New York by saying that the defendants had entered the dog in at least one dog show in New York.

The court rejected this transparent effort to manufacture jurisdiction. Even assuming that showing the dog constituted "transacting business" in New York, there was "no showing of any breach of contract or any other cause of action arising in favor of the plaintiff based upon that act of showing the dog in New York." *Id.* Similarly, Paciotti has not demonstrated how its claim for money due and owing to Paciotti from Dellamoda arises out of Dellamoda's act of selling Paciotti shoes to Ferrante in New York eight months later.

Paciotti does not specifically allege that the shoes delivered to Ferrante came out of the New York warehouse. However, it pleads that Dellamoda maintained a New York warehouse,

5

and effectively asks the Court to infer that the shoes were stored in and delivered from New York. This I cannot do. Paciotti's allegations about a New York warehouse rely on a webpage that Paciotti attaches to its opposition to the motion to dismiss. The webpage indicates that Paciotti is not among the brands that Dellamoda ships from (and so necessarily stores in) New York. Therefore, there is no factual basis for Paciotti's argument.

But even if Ferrante's shoes had come out of the New York warehouse, that would be purely incidental and a "mere coincidence" that is insufficient to confer jurisdiction. *See Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327, 340 (2012) (citing *Johnson v. Ward*, 4 N.Y.3d 516, 520 (2005)).

*Dellamoda is Not Subject to Personal Jurisdiction Under § 302(a)(4).*

Section 302(a)(4) provides that a court may exercise jurisdiction over a defendant if it owns, uses, or possesses any property within New York. Again, the property relied on must serve as the basis for the plaintiff's cause of action.

Here, Paciotti alleges that Dellamoda maintains a warehouse in New York where it stores Paciotti shoes. (Compl. ¶¶ 11–12; Knox Decl. ¶ 3, Dkt. No. 9; Webpage at 2). For reasons that should by now be apparent, this claim does not confer jurisdiction in New York over Paciotti's breach of contract/account stated claim against Dellamoda.

First, the basis of Paciotti's claim is Dellamoda's failure to pay invoices – not to pay rent on a warehouse.

Second, the warehouse has nothing whatsoever to do with the unpaid invoices. *See Karoon v. Credit Suisse Grp. AG*, No. 15-cv-4643, 2016 WL 815278, at *5 (S.D.N.Y. Feb. 29, 2016). The very document on which Paciotti relies to claim New York jurisdiction contradicts its assertion that Paciotti shoes were stored in New York. (*See* Webpage at 2). However,

6

drawing all inferences in favor of Paciotti, even if some of the Paciotti shoes for which Dellamoda has not paid were stored in Dellamoda's New York warehouse, Paciotti's cause of action does not "arise from" the storage of shoes in the New York warehouse. It "arises from" a contract for the sale of goods reached between Paciotti – an Italian corporation – and Dellamoda – a California corporation. Paciotti's account stated claim could be maintained irrespective of Dellamoda's alleged use of a New York warehouse. *See Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 346 (S.D.N.Y. 2015). Therefore, jurisdiction does not attach under CPLR § 302(a)(4).

Paciotti has failed to make a *prima facie* showing of personal jurisdiction. Since New York's long-arm statute does not confer jurisdiction over Paciotti's claim, the Court does not reach the question of whether personal jurisdiction would comply with constitutional due process requirements. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007).

**Venue is Not Proper in this Court.**

Dellamoda also moves to dismiss Paciotti's claim for improper venue under Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of establishing that it has chosen the proper venue. *Anonymous v. Kaye*, 104 F.3d 355 (2d Cir. 1996). Paciotti fails to carry its burden.

In diversity cases, federal law controls the venue inquiry. *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 721 (2d Cir. 2013). Under the federal general venue statute, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28

U.S.C. § 1391. The venue statute is construed "strictly." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 742 (S.D.N.Y. 2013) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005)).

Paciotti argues that venue is proper because Dellamoda is subject to this Court's personal jurisdiction and therefore "resides" in New York. 28 U.S.C. § 1391(b)(1), (c); (Opp'n at 4). Paciotti is correct that, for venue purposes, a corporate defendant is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). But Paciotti continues to rely exclusively on Dellamoda's alleged maintenance of a warehouse in New York and its single sale of shoes to Ferrante. As explained above, Paciotti has not established even a *prima facie* case for personal jurisdiction over Dellamoda, and therefore has not satisfied the residency requirement of § 1391(c)(2), nor its burden to establish that venue is proper in this Court.

Although Paciotti does not argue any alternative grounds for venue, venue is not proper under the remaining subsections of the general venue statute.

When examining venue under § 1391(b)(2) in a breach of contract case, "relevant factors include the locations where the contract was negotiated, where the work was to be performed, and where the contract was allegedly breached." *Everlast*, 928 F. Supp. 2d at 742. None of the events or omissions giving rise to the claim occurred in New York, and no property that is the subject of the action (unpaid money) is located in New York. *See* 28 U.S.C. § 1391(b)(2); *Six Dimensions, Inc. v. Perficient, Inc.*, No. 15-cv-8309, 2017 WL 10676897, at *2 (S.D.N.Y. Mar. 28, 2017).

Dellamoda, which is incorporated and headquartered in California, is subject to general jurisdiction only in California, *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), and this

Court has already ruled that Dellamoda is not subject to personal jurisdiction in New York under New York's long arm statute on the claim asserted. Therefore, § 1391(b)(3) is not satisfied.

The Southern District of New York is not the proper venue for Paciotti's claim.

**Transfer in Lieu of Dismissal.**

As Dellamoda correctly noted, rather than dismiss the case, this Court may transfer it – even where it lacks personal jurisdiction over the defendant – if transfer serves the "interest of justice." 28 U.S.C. § 1406; *Meyer v. Bd. of Regents of Univ. of Oklahoma*, 597 F. App'x 27, 28 (2d Cir. 2015).

Paciotti could have brought this action in the Central District of California. Dellamoda is a corporation incorporated in California with its principal office located in Westlake Village, California, which is within the geographical jurisdiction of the Central District of California (Western Division). (*See* Def.'s Mem. at 1). Dellamoda is subject to general jurisdiction in California, *see Daimler*, 571 U.S. at 137, and venue for this case is proper in the Central District of California, where Dellamoda resides, *see* 28 U.S.C. § 1391. The Central District of California would have diversity jurisdiction over this case between an Italian plaintiff and a Californian defendant for over $83,000. 28 U.S.C. § 1332; *Adler v. Taylor*, No. cv-04-8472, 2005 WL 4658511, at *1 (C.D. Cal. Feb. 2, 2005), *aff'd sub nom. Orkin v. Taylor*, 487 F.3d 734 (9th Cir. 2007).

This Court can *sua sponte* examine whether transfer is appropriate even though Dellamoda has only moved to dismiss for improper venue. *Bank of Am., N.A. v. Wilmington Tr. FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013). However, the Parties have not briefed the traditional transfer factors: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the

9

convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties. *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation and citation omitted). If the Parties wish to pursue transfer in lieu of dismissal, they have ten days to file papers to that effect.

## CONCLUSION

For the reasons stated above, this Court lacks personal jurisdiction over Dellamoda, and venue is not proper in this district. The Parties have until Monday, December 23 to file additional papers to the extent they seek transfer in lieu of dismissal.

Dated: December 13, 2019
New York, New York

_____
Chief Judge

BY ECF TO ALL PARTIES

10